CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January 06, 2026
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **TIMOTHY BLANKENBAKER,** | ) | Case No. 7:25-cv-00050 |
| Plaintiff, | ) | |
| v. | ) | Hon. Robert S. Ballou |
| | ) | United States District Judge |
| **MEGHAN LONGMIRE,** | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

Plaintiff Timothy Blankenbaker, a Virginia inmate acting *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging that Defendant Meghan Longmire violated his civil rights by procuring a criminal warrant against him for graffiti while he was housed at RSW Regional Jail in Front Royal, Virginia ("the Jail"). Dkt. 1. Longmire filed a Motion to Dismiss for failure to state a claim. Dkt. 18. For the reasons below, Longmire's motion is **GRANTED**, and this action is **DISMISSED WITHOUT PREJUDICE**.

**I.     Standard of Review**

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[C]ourts are obligated to liberally construe *pro se* complaints, however inartfully pleaded." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 540 (4th Cir. 2017) (citation modified)

(quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Liberal construction is particularly important when pro se complaints allege civil rights violations. *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Scarborough v. Frederick Cnty. Sch. Bd.*, 517 F. Supp. 3d 569, 575 (W.D. Va. 2021).

## II.    Facts

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson*, 551 U.S. at 94 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Additionally, courts in the Fourth Circuit frequently consider facts alleged by *pro se* plaintiffs even if they are improperly alleged outside of the complaint.[1] *See, e.g.*, *Garrett v. Elko*, No. 95–7939, 1997 WL 457667, at *1 (4th Cir. 1997) (citing *Gordon v. Leeke*, 574 F.2d 1147, 1149–51 (4th Cir. 1978)); *see also Smith v. Blackledge*, 451 F.2d 1201, 1202 (4th Cir. 1971) (noting that "claims . . . set out in a 36-page, handwritten document . . . denominated as one to 'Further Particularize' the complaint [and] regarded by the District Judge as merely a response to defendants' motion to dismiss . . . should have been considered an amendment to the complaint"). In this vein, I consider the original complaint (Dkt. 1), the "Additional Evidence – Inmate Request Forms (Dkt. 8), and Blankenbaker's "Response"

---

[1] Fed. R. Civ. P. 12(d) provides that, if matters outside the pleadings are presented to the Court on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must treat the motion as a motion for summary judgment under Fed. R. Civ. P. 56. That is distinct from the approach taken here, which is a liberal construction of pro se civil rights allegations.

2

(Dkt. 23) collectively as "the Complaint."[2] Construing the Complaint in this manner, Blankenbaker alleges the following facts giving rise to his claims.

Blankenbaker was incarcerated at RSW Regional Jail during the relevant events. Dkt. 1. While incarcerated, Blankenbaker was "given an in-house charge for graffiti" based on writing found on his cell wall. *Id.* He received written notice of the charge and accepted an "Informal Resolution" for the charge. Dkt. 8 at 1. An internal investigation later determined that the writing on the wall "was bleed through from previous inmates," as the cell was recently painted. Dkt. 1. Despite this finding, Longmire, a lieutenant at the Jail, obtained a warrant against Blankenbaker for vandalism of jail property.[3] *Id.* Although Blankenbaker does not provide a timeline of events, he alleges that Longmire "waited till the outcome of the in-house charges before issuing the warrant" and that she knew "that the investigation deemed that the art was bleed through not caused by [Blankenbaker]." *Id.* Blankenbaker does not specify what information Longmire provided to secure the warrant, alleging only that she "used that art [from the cell] to issue me a warrant." *Id.*

Blankenbaker alleges that Longmire's actions constituted retaliation because she "was pissed off that informal resolutions were given on every vandalism in-house charged that she approved." *Id.* As a result of these actions, Blankenbaker alleges he suffered "severe mental anguish" and "feared this street charge would further another violation, with the remainder of my suspended sentence 6.5 years be imposed for something that has yet to be proven." Dkt. 23.

---

[2] Longmire had an opportunity to respond to the facts alleged in Blankenbaker's response but did not do so.

[3] Neither party specifies what type of warrant was issued. Blankenbaker alleges that Longmire wrote him "a warrant street charge," Dkt. 1, and Longmire describes the warrant as "a criminal warrant," Dkt. 19.

Blankenbaker seeks to hold Longmire "accountable for giving false information to issue a warrant" and requests $5,000 in damages for "defamation of character." Dkt. 1.

Blankenbaker does not identify which constitutional or federal law provisions Longmire allegedly violated. Liberally construing the Complaint, the Court infers that Blankenbaker seeks to bring claims under the First Amendment,[4] the Fourth Amendment, and the Fourteenth Amendment under 42 U.S.C. § 1983.

### III. Analysis

#### a. First Amendment Retaliation

First, Blankenbaker alleges that Longmire's procurement of a warrant against him using false information constitutes a retaliatory act, suggesting that he intends to bring a retaliation claim under the First Amendment.

To state a First Amendment retaliation claim, a plaintiff "must allege that (1) [ ]he engaged in protected First Amendment activity, (2) the defendant[ ] took some action that adversely affected [his] First Amendment rights, and (3) there was a causal relationship between [his] protected activity and the defendant[']s conduct." *Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017) (quoting *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005)). Additionally, the plaintiff must show that the adverse action "would likely deter 'a person of ordinary firmness' from the exercise of First Amendment rights." *Constantine*, 411 F.3d at 500 (citations omitted).

In Blankenbaker's case, the first element is fatal. Blankenbaker has not alleged that he engaged in any constitutionally protected conduct. The Complaint states only that Longmire was

---

[4] Although Longmire did not construe a First Amendment claim in her motion to dismiss, I will evaluate this potential claim out of an abundance of caution.

4

angry because every vandalism charge she approved was informally resolved. This allegation suggests that Longmire was generally frustrated with the Jail's investigatory or disciplinary process, which cannot serve as a basis for Blankenbaker's claim. Moreover, even if Longmire was upset over the outcome of disciplinary proceedings against Blankenbaker, no facts are alleged of the protected activity Blankenbaker engaged in that motivated Longmire's alleged retaliation. *See, e.g.*, *Archer v. Hoffman*, No. 1:25-CV-291-HAB-ALT, 2025 WL 2493978, at *2 (N.D. Ind. Aug. 28, 2025) (finding no protected First Amendment activity where the plaintiff asserted that the defendant "was upset with him because he was not found guilty of a conduct report she brought against him"); *Windsor v. Ind Dept of Corrs*, No. 3:22-CV-183-JD-MGG, 2022 WL 857034, at *3 (N.D. Ind. Mar. 23, 2022) (finding that the plaintiff failed to identify any protected First Amendment activity where he believed that the alleged retaliation was for the murder of a correctional officer that he had nothing to do with). Because Blankenbaker has failed to allege the threshold element of protected First Amendment activity, his retaliation claim is dismissed without prejudice.

    b. **Fourth Amendment Unreasonable Seizure**

Next, Blankenbaker appears to allege that Longmire maliciously prosecuted him by procuring a criminal warrant which lacked probable cause and was based on false information.

A "malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." *Lambert v. Williams*, 223 F.3d 257, 261 (4th Cir. 2000) (citations omitted). "To state such a claim, a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings

5

terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012) (citing *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012)).

To implicate the Fourth Amendment, Blankenbaker must first show that he was seized. Specifically, he must demonstrate some "deprivation of liberty, caused by the application of legal process, that rises to the level of a constitutional violation." *Craft v. Gills*, 758 F. Supp. 3d 564, 571 (S.D.W. Va. 2024) (citation modified) (quoting *Warren v. Montgomery Cnty.*, No. CIV. PJM 09-2510, 2012 WL 3779165, at *4 (D. Md. Aug. 30, 2012)). While "[a] groundless charging decision may abuse the criminal process, . . . it does not, in and of itself, violate the Fourth Amendment absent a significant restriction on liberty." *Id.* (quoting *Vansandt v. Passmore*, No. 15-CV-620-JED-FHM, 2016 WL 5107020, at *4 (N.D. Okla. Sept. 20, 2016)). Importantly, various courts have held that a plaintiff cannot show a deprivation of liberty as a result of a new charge if he was already in custody. *See, e.g.*, *Walker v. Sankhi*, 494 F. App'x 140, 143 (2d Cir. 2012); *Gray v. Wittman*, 839 F. App'x 669, 671 (3d Cir. 2021); *Gravely v. Madden*, 142 F.3d 345, 348 (6th Cir. 1998); *United States v. Sutton*, 607 F.2d 220, 222 (8th Cir. 1979).

Here, Blankenbaker has not alleged that he was subjected to some form of legal process or restraint on liberty. Rather, he was already incarcerated at the time the warrant was issued, and he does not allege that he was rearrested, transferred, or subjected to any additional restraint because of the warrant. While Blankenbaker alleges fear that the charge could lead to revocation of his suspended sentence, fear of future consequences does not establish a present seizure. *See, e.g.*, *Ambrose v. Hunt*, No. CIV. 1:97CV276-T, 1997 WL 34673049, at *9 (W.D.N.C. Dec. 2, 1997) ("The mere possibility of a future constitutional deprivation is insufficient to state a claim

6

under § 1983."); *Dhillon v. Grewal*, No. 3:22-CV-197-RGJ, 2023 WL 131111, at *6 (W.D. Ky. Jan. 9, 2023) (explaining that threats of future seizure cannot support a constitutional claim).

Even if Blankenbaker can show that he was seized, he must then establish lack of probable cause. The question is "whether an objectively reasonable police officer, placed in the circumstances, had a reasonable ground for belief of guilt that was particularized with respect to the person to be . . . seized." *United States v. Humphries*, 372 F.3d 653 (4th Cir. 2004) (internal quotation marks omitted) (citing *Maryland v. Pringle*, 540 U.S. 366, 371 (2003)). "False statements or omissions violate the Fourth Amendment only if they are both material, that is, necessary to the finding of probable cause, and made deliberately or with a reckless disregard for the truth." *Norton v. Tabron*, 727 F. App'x 762, 765 (4th Cir. 2018) (internal quotation marks and citation omitted).

Blankenbaker's allegations fall short of these requirements. First, Blankenbaker does not allege what information Longmire provided to obtain the warrant.[5] Blankenbaker does allege that Longmire was aware of the outcome of the Jail's investigation when she applied for the warrant. If Longmire sought criminal charges without disclosing this exculpatory information, that could support an inference that Longmire lacked probable cause or acted with malice. However, Blankenbaker does not allege what Longmire actually told the magistrate judge or official who issued the warrant, nor does he allege that Longmire affirmatively misrepresented or deliberately omitted the investigation's conclusions. Blankenbaker's allegation that Longmire provided "false information" to secure the warrant, without factual support showing what was said and why it was false or material, is insufficient to sustain his claim. Second, even accepting that the internal investigation cleared Blankenbaker, Blankenbaker does not allege facts showing

---

[5] Neither party provides a copy of the warrant or its application.

7

that Longmire lacked probable cause to believe Blankenbaker committed vandalism. The existence of graffiti on a jail wall, standing alone, could provide probable cause to charge an inmate with vandalism even if a subsequent investigation suggested an alternative explanation. Blankenbaker must allege facts showing that Longmire knew or should have known that probable cause was lacking—not merely that an internal administrative process reached a different conclusion. *See, e.g.*, *King v. Darden*, No. 3:17-CV-742-JAG, 2018 WL 3651590, at *4 (E.D. Va. Aug. 1, 2018).

Lastly, to maintain a malicious prosecution claim, a plaintiff must demonstrate that he obtained a favorable termination of the underlying criminal prosecution. *Thompson v. Clark*, 596 U.S. 36, 39 (2022); *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 183 (4th Cir. 1996). This requirement is satisfied when the prosecution ends without a conviction. *Thompson*, 596 U.S. at 39; *see also Culbertson v. Lott*, No. CV 3:19-26-MGL-PJG, 2020 WL 9211162, at *4 (D.S.C. July 17, 2020) ("[T]he favorable termination element of a malicious prosecution claim requires that the prosecution be terminated in the plaintiff's favor for reasons indicative of the plaintiff's innocence."), *report and recommendation adopted*, No. CV 3:19-26-MGL-PJG, 2021 WL 805538 (D.S.C. Mar. 3, 2021), *aff'd*, No. 21-6505, 2022 WL 2914724 (4th Cir. July 25, 2022). Here, Blankenbaker does not allege that any criminal charges have been dismissed. However, the Court takes judicial notice that Blankenbaker was charged with intentional destruction of property in violation of Va. Code § 18.2-137, and this charge was dismissed on February 18, 2025. *See* Virginia Judiciary Online Case Information System 2.0, Case No. GC24007280-00, Warren General District Court. Thus, Blankenbaker satisfies the favorable termination prong, but he nonetheless cannot maintain a malicious prosecution claim because he fails to allege a seizure unsupported by probable cause.

Because Blankenbaker has failed to allege the essential elements necessary to support a Fourth Amendment malicious prosecution claim, this claim is **DISMISSED WITHOUT PREJUDICE**.

   c. **Fourteenth Amendment Defamation**

Finally, Blankenbaker brings a claim for defamation of character based on Longmire's alleged provision of false information to obtain a warrant.

Defamation is a state tort claim that does not constitute a constitutional violation. *Siegert v. Gilley*, 500 U.S. 226, 233 (1991). Consequently, an allegation of defamation of character or injury to reputation is generally not actionable under §1983. *Paul v. Davis*, 424 U.S. 693, 697–710 & nn. 3–4 (1976) (explaining that injury to reputation alone does not constitute a deprivation of liberty or property sufficient to invoke the protection of the Due Process Clause); *see also Aylor v. Town of Culpeper*, No. 96–1438, 1996 WL 671340, at *1 (4th Cir. 1996) ("[T]he district court properly dismissed the § 1983 defamation claims because the United States Constitution does not afford a remedy for reputational injury alone.") (citations omitted). Rather, to state a constitutional claim under the Fourteenth Amendment based on defamation, a plaintiff must allege stigma "plus" some additional deprivation of a protected interest. *See Elhady v. Kable*, 993 F.3d 208, 226 (4th Cir. 2021) (citing *Davis*, 424 U.S. at 701). This may be done by showing "a statement 'stigmatizing his good name' and damaging his standing in the community; (2) some type of dissemination or publication of the statement; and (3) some other government action that 'alter[s] or extinguishe[s] one of his legal rights.'" *Id.* (citing *Davis*, 424 U.S. at 706–11).

Blankenbaker has not alleged facts showing deprivation of a protected liberty or property interest in addition to alleged damage to his reputation. His allegation that Longmire provided false information to secure a warrant, even if true, does not transform a state law defamation

9

claim into a constitutional violation absent some "plus" factor that takes this action beyond a state law defamation claim. *Hawke v. Livesay*, No. CIV.A. 4:11-139-RBH, 2011 WL 1466362 (D.S.C. Apr. 6, 2011), *report and recommendation adopted*, No. 4:11-CV-00139-RBH, 2011 WL 1465526 (D.S.C. Apr. 15, 2011), is instructive. There, a pretrial detainee brought a defamation claim alleging that false information was used to obtain a warrant and to indict him. The court in *Hawke* found that the plaintiff's defamation claim did not state a claim for deprivation of federal rights under § 1983 but rather only alleged claims based on state law. *Id.* at *2. Likewise, in this case, Blankenbaker fails to state a Fourteenth Amendment violation, and his defamation claim is **DISMISSED WITHOUT PREJUDICE**.

## IV.  Conclusion

Blankenbaker has failed to plead sufficient facts to state a plausible claim that Longmire violated his constitutional rights by providing false information to secure a warrant. Accordingly, Longmire's Motion to Dismiss is **GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE**. Blankenbaker may file an Amended Complaint providing factual allegations sufficient to support the alleged constitutional violations within 30 days of the date of this Order. If Blankenbaker does not file an Amended Complaint within this timeframe, this action will be stricken from the active docket of this Court.

An appropriate Order accompanies this Memorandum Opinion.

Entered:  January 6, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge